UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00042- 3-FDW-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JEFFREY DARRELL CROWDER, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's letter, which the Court construes as a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c). (Doc. No. 359). For the reasons that follow, the Court DENIES the motion WITHOUT PREJUDICE to be refiled following exhaustion of administrative remedies.

The standard for reviewing Defendant's motion has been summarized by the Fourth Circuit:

> A sentencing court may not, as a general matter, "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But Congress has provided a few exceptions, including by giving district courts discretionary authority to reduce a sentence when the court finds that "extraordinary and compelling reasons warrant" the reduction — what is commonly known as the compassionate-release exception. Id. § 3582(c)(1)(A)(i). Specifically, as revised by the First Step Act of 2018, the compassionate-release provision states that, upon receiving a motion filed by either the BOP or the defendant, the court "*may* reduce the term of imprisonment . . . [1] *after considering* the factors set forth in section 3553(a) to the extent that they are applicable, [2] *if it finds* that ... extraordinary and compelling reasons warrant such a reduction ... and [3] [if it finds] that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. (emphasis added). As we have recognized, however, "there currently exists no 'applicable policy statement[]'" that governs a *defendant's* motion for compassionate release, as distinct from a motion filed by the BOP on an inmate's behalf. United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020). Nonetheless, U.S.S.G. § 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

1

> "Thus, as it currently stands, a court *may* find a defendant who filed a motion [for compassionate release] eligible for a sentence reduction after finding only that such a reduction is warranted by extraordinary and compelling reasons." United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (emphasis added). But then "it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).

United States v. Hargrove, 30 F.4th 189, 194–95 (4th Cir. 2022) (alterations in original).

Before the court may consider a motion under 18 U.S.C. § 3582(c)(1)(A)(i), the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has explained that defendants may satisfy this exhaustion requirement by "wait[ing] 30 days from the date of their initial request to file a motion in the district court," even if the warden has already responded to their request. United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021) (collecting cases; alterations in original). The court further clarified that the exhaustion requirement "is a non-jurisdictional claim-processing rule," and therefore "may be waived or forfeited." Id. at 130. In other words, the Fourth Circuit has explained the district court cannot sua sponte raise the issue as a basis for dismissal. Id. (holding "The district court therefore erred by sua sponte dismissing the motion based on the threshold requirement, even assuming Appellant had not completed the prerequisites to suit").

Defendant seeks a reduction of his sentence of 120 months imposed in October 2016 following his guilty plea to one count of crack cocaine conspiracy, one count of cocaine conspiracy, and one count of possession with intent to distribute crack cocaine. (Doc. No. 221).

2

In response to Defendant's motion, the Government invokes section 3582's exhaustion requirement and asks the Court to deny the motion because Defendant makes no mention of any filing with the Bureau of Prisons ("BOP") seeking compassionate release and because BOP has no record of any such request. (Doc. No. 361, pp. 8-9). In asserting these arguments, the Government makes clear it is not waiving or forfeiting that requirement. Defendant makes no mention of any request for compassionate release to the warden of his institution, and he has never responded to the Government's argument that he failed to exhaust his administrative remedies. Because the record fails to overcome the threshold requirement of exhaustion of administrative remedies, as asserted by the Government, the Court will DENY the instant motion *without prejudice* to be refiled following the exhaustion of administrative remedies. In light of this ruling, the Court declines to address whether the instant motion demonstrates extraordinary and compelling reasons to reduce Defendant's sentence or whether consideration of the §3553(a) factors counsel for or against a reduction in the sentence as originally imposed. Should Defendant renew his motion following exhaustion of administrative remedies, the Court will address the merits of that new motion at that time.

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. No. 359) is DENIED WITHOUT PREDJUDICE.

IT IS SO ORDERED.

Signed: May 12, 2022

Frank D. Whitney
United States District Judge